UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan M. Arnold, #320526, *a/k/a Jonathan Arnold*, <br><br>　　　　　　　　　　Plaintiff, <br><br>vs. <br><br>Sgt Smith; Lt. Cashwell; Perry Corr Inst; SCDC; Medical Mental, <br><br>　　　　　　　　　　Defendants. | ) C/A No.: 9:13-1273-JFA-BM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, a state prisoner proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983 asserting several claims pertaining to his conditions of confinement. Plaintiff fears for his life and alleges he has been physically assaulted and mentally harassed. He claims excessive force was used against him and that he has not received proper medical treatment or proper nutrition. He raises retaliation and conspiracy claims, and states he has been denied the opportunity to access the legal system. Plaintiff maintains he is unable to sleep because the lights are on 21 hours a day, and further alleges that the cells are dirty and that employees are not properly trained and/or supervised. Plaintiff states he has not been given an opportunity to exhaust his prison remedies. Plaintiff's only requested relief is an order transferring him to another facility.

Under established local procedure in this judicial district, a careful review has been made

1



of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, it is readily apparent that two (2) of the named Defendants are entitled to summary dismissal as party Defendants. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

  A claim for relief under § 1983 must sufficiently allege that the Plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." The Defendant "Perry Correctional Institution" consists of buildings,

2



facilities, and grounds, and inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, since the Correctional Institution is not a "person" as that term is defined for purposes of a Section 1983 suit, the Perry Correctional Institution is entitled to dismissal as a party Defendant.

Additionally, the use of the term "medical mental" as a name for alleged Defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991). Consequently, "medical mental" should also be dismissed as a party Defendant from this action.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the "Perry Correctional Institution," and "Medical Mental" as Defendants in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal]. In an Order entered contemporaneously with this Report and Recommendation, service of process has been issued for the remaining Defendants, including the Defendant "SCDC," because Plaintiff seeks



injunctive relief.

Bristow Marchant
United States Magistrate Judge

June 28, 2013
Charleston, South Carolina

*The Plaintiff's attention is directed to the important NOTICE on the next page.*

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

