UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan M. Arnold, | ) | C/A No. 9:13-1273-JFA-BM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Sgt. Smith; Ltd. Cashwell; Perry Correctional Institution; SCDC; and Medical Mental, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Jonathan Arnold, brings this pursuant to 42 U.S.C. § 1983 raising various claims pertaining to his conditions of confinement.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that defendants Perry Correctional Institution and "Medical Mental" should be dismissed as defendants in this action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 28, 2013. However, the plaintiff did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As the Magistrate Judge correctly suggests, only "persons" may act under color of state and therefore, a defendant in a § 1983 action must qualify as a person. The defendant Perry Correctional Institution is not a person who acts under color of state law. The defendant named "Medical Mental" is not a specific individual so as to adequately state a claim against a "person" under § 1983.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference.

Accordingly, defendant Perry Correctional Institution and defendant "Medical Mental" are dismissed from this action without prejudice. As the Magistrate Judge has authorized service of process on the remaining defendants, this matter shall be returned to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

August 20, 2013
Columbia, South Carolina