# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan M. Arnold, #320526, ) | Civil Action No. 9:13-1273-JFA-BM |
| ) | |
| Plaintiff, ) | |
| ) | **SUPPLEMENTAL** |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| South Carolina Department of Corrections, ) | |
| Sgt, Smith, Lt. Cashwell, Larry Cartledge, ) | |
| Mrs. Florence Mauney, Mrs. Harris, ) | |
| Mrs. Grey, Mrs. Filmore, Mrs. Davis, ) | |
| Mrs. Donald and Mrs. Amy Enloe, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C.§ 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants[1] filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 6, 2014. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 16, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to

---

[1] Two originally named Defendants, the Perry Correctional Institution and "Medical Mental," were earlier dismissed as party Defendants by Order of the Court filed August 20, 2013. See Court Docket No. 26.

1



adequately respond, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed memoranda in opposition to the Defendants' motion on July 2, 2014, July 24, 2014 and August 4, 2014.

On September 3, 2014, the undersigned issued a Report recommending that the Defendants' motion for summary judgment with respect to Plaintiff's excessive force claim arising out of his having been subjected to chemical munitions on January 22, 2013, asserted against the Defendants Cashwell and Smith in their individual capacities under § 1983, be denied. Further, to the extent Plaintiff had also asserted a state law claim arising out of this incident, which would be against the Defendant SCDC only, summary judgment with respect to that claim was also recommended to be denied at that time, without prejudice. Otherwise, it was recommended that the Defendant's motion for summary judgment be granted with respect to all other claims, and against all other named Defendants, with all of those remaining claims and Defendants being dismissed. See Court Docket No. 94.

The Defendants filed objections to the Report and Recommendation on September 17, 2014, stating therein that they had failed to address Plaintiff's excessive force claim involving having been sprayed with chemical munitions because they had "completely overlooked" that allegation.[2] Defendants then proceeded to address that claim in their objections, and also attached evidentiary exhibits addressing this claim. The District Judge thereafter remanded this matter to the undersigned so that the positions advanced by the Defendants in their objection with respect to this claim could be considered.

---

[2]That allegation was contained in a document Plaintiff filed styled "Motion for Temporary Injunction", but which was docketed by the Clerk as a "Verified Complaint".



In an order filed October 6, 2014, Plaintiff was granted twenty (20) days to file any additional material or arguments he might wish to provide relating to this issue and responding to Defendants' arguments. That period of time has now expired, with no additional arguments or evidence being received from the Plaintiff. Consideration of Plaintiff's chemical munitions excessive force claim is now before the Court for disposition.[3]

### **Background and Evidence**

This case originally was two separate lawsuits. Plaintiff first filed <u>Arnold v. Smith, et. al.</u>, Civil Action No. 9:13-1273 on May 10, 2013. He then filed <u>Arnold v. Cartledge, et. al.</u>, Civil Action No. 9:13-1912, on July 12, 2013. A review of these two lawsuits revealed that each matter raised substantially the same issues; therefore, by Order filed August 26, 2013, the cases were consolidated, retaining Civil Action No. 9:13-1273. <u>See</u> Order (Court Docket No. 29). In issuing this Supplement Report and Recommendation the undersigned incorporates the <u>Background and Evidence</u> section from the original Report and Recommendation issued on September 3, 2014.

With respect to the particular claim at issue here, Plaintiff has submitted an affidavit wherein he complains that he was gassed with "red fogger" (437.4 grams) in deliberate disregard of his chronic asthma and glaucoma. Plaintiff's exhibits also include an Incident Report from January 22, 2013, which states that on that date Plaintiff became disrespectful and threatening while receiving an insulin shot. The Defendant Cashwell informed Captain Williams of Plaintiff's conduct, and

---

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. In addition to the originally filed motion for summary judgment, the Defendants now also seek summary judgment on Plaintiff's excessive force claim involving having been sprayed with chemical munitions. As this is a dispositive motion, this Supplemental Report and Recommendation is entered for review by the Court.



Williams instructed Cashwell to place Plaintiff in a control cell. The Incident Report further reflects that Cashwell, Williams (who is not a named Defendant), and Smith then went to Plaintiff's cell door and gave him a directive to come to the door to be restrained, but that Plaintiff refused and threw an unknown liquid substance at the officers, striking Cashwell. Cashwell then used chemical munitions and a force cell movement team was assembled and entered the cell. The Incident Report reflects that Plaintiff was restrained, following which he was seen by Nurse Green. The Incident Report further reflects that 437.4 grams of fogger was used during this incident. In a response to a grievance dated April 23, 2013 (apparently relating to this incident) wherein Plaintiff complained that Smith had used excessive force and sexually abused the Plaintiff, it is stated that:

> It appears that your poor behavior resulted in a use of force against you. When you pulled away from the escorting Officers, a use of force was necessary to bring you into compliance. Reports also show that you were seen by medical after the incident and stated "I'm good, I'm straight". Medical reports you had no injuries.

Finally, Plaintiff has also submitted numerous affidavits from fellow inmates, who attest that they have witnessed or overheard how Plaintiff is treated by the medical staff and security officers at the Perry Correctional Institution. These affiants in general make such statements as that it "seems as if they have developed a vendetta against [the Plaintiff] because of his prior disciplinary history", and that on one occasion (12/1/12) Plaintiff was subjected to chemical munitions and then handcuffed after complaining about a diet tray, following which he was placed back into his "gas filled" room without the opportunity to shower.[4] See generally, Plaintiff's Exhibits, and Inmate Affidavits.

---

[4] As the date and cause for this alleged incident are both different from the claim before the Court, this statement by one of Plaintiff's affiants apparently refers to another incident which is not at issue in this lawsuit. See Court Docket No. 18-1, p. 85.



In the original Report and Recommendation entered in this case, the undersigned wrote that "With respect to Plaintiff's complaint about being subjected to chemical munitions, . . . Plaintiff has alleged that on January 22, 2013 he was sprayed with chemical munitions by correctional officers Cashwell and Smith, who then used a force team to extract him from his cell, following which he was placed back in his chemically contaminated cell without having been provided an opportunity to shower or for the cell to be cleaned, and where Plaintiff was thereafter forced to remain for an extended period of time. Plaintiff has also submitted affidavits from fellow inmates to support this claim. In response to these allegations and Plaintiff's evidence, the Defendants have not only failed to present any evidence of their own to contest these allegations, but have failed to have even address this claim in their brief." Therefore, the undersigned found that the Defendants Cashwell and Smith were not entitled to summary judgment on this claim. See Report and Recommendation (Court Docket No. 94), pp. 17-18. However, as noted, Defendants have now submitted evidence as attachments to their objections to the Report and Recommendation addressing this claim.

The Defendant Cashwell has submitted an affidavit wherein he attests that he is a correctional officer at the Pelzer Correctional Institution, and that on January 22, 2013 Plaintiff refused an order to come to his cell door to be restrained, and instead threw an unknown liquid substance on him [Cashwell]. Cashwell attests that in response he "immediately used chemical munitions" and a forced cell movement team was assembled. Cashwell attests that he then again ordered the Plaintiff to come to the cell door to be restrained, and that when Plaintiff again refused, "chemical munitions were used again", following which the forced cell movement team entered the cell and restrained the Plaintiff. Plaintiff was then placed on "control cell", meaning that all of his



property was removed from his cell, including his clothing that may or may not have had chemical munitions on it. Cashwell attests that Plaintiff was not taken to another cell, and that he "received clean clothing once he was allowed to have his property back". Cashwell attests that, pursuant to SCDC policy, Plaintiff was allowed to decontaminate "using the cold running water from the sink in his cell to wash himself and to clean his cell". Cashwell attests that inmates are solely responsible for keeping the cell clean, have the means to do so, and that no one would clean the cell for him. Cashwell further attests that "Nurse Green" examined Plaintiff, who found Plaintiff to be in no distress, nor did he complain about any physical problems caused by the use of chemical munitions. Cashwell has attached to his affidavit a copy of the Incident Report relating to this incident, which indicates in part that 437.4 grams of chemical munitions was used on the Plaintiff during this incident. See generally, Cashwell Affidavit, with attached Exhibit.

The Defendants have also submitted an affidavit from the Defendant Amy Enloe, who attests that she is a nurse practitioner at the Perry Correctional Institution. Enloe has attached as an exhibit to her Affidavit copies of Plaintiff's medical records. Enloe attests that these medical records reflect that following the incident at issue Plaintiff was seen by Nurse Green, who reported that she observed Plaintiff ambulating around his cell and yelling. Enloe attests that Plaintiff's medical records reflect that Plaintiff was in no distress, and that Nurse Green instructed him to decontaminate in his cell, which is accomplished by the inmate using the cold running water from the sink in the cell to wash himself and to clean his cell. Enloe attests that the chemical spray used by Cashwell only causes irritation and a burning sensation to the skin, which can be alleviated by washing with cold water, and that Green determined that Plaintiff did not need a shower. Enloe further attests that when Nurse Green saw and evaluated the Plaintiff, he did not complain about any medical problems caused



by the use of chemical munitions (according to the medical records), nor do Plaintiff's medical records show that he made any complaints that he had medical problems caused by the chemical munitions used on January 22, 2013. Finally, Enloe attests that, according to the SCDC medical records, Plaintiff was seen and examined in the Kocher Eye Center on January 22, 2013, and was also seen and examined by an ophthalmologist on January 23, 2013, and that during these visits Plaintiff did not report any problems with his eyes caused by the chemical munitions, nor did the medical providers find any problems. See generally, Enloe Affidavit, with attached Exhibit (medical records).

## Discussion

The Defendants have now moved for summary judgment on this claim. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



**I.**

**(Section 1983 Excessive Force Claim from January 22, 2013)**

When reviewing an excessive force claim, the Court should consider 1) the need for the application of force,  2) the relationship between the need and the amount of force that was used, 3) the threat to the staff and inmates as reasonably perceived by the prison officials on the basis of the facts known to them,  4) the efforts made to temper the severity of a forceful response, and 5) the extent of the injuries suffered by the prisoner.  Whitley v. Albers, 475 U.S. 312, 321 (1986); Thompson v. Shelton, 541 Fed.Appx. 247, 249-250 (4th Cir. Sept. 23, 2013); Majette v. GEO Group, Inc., No. 07-591, 2010 WL 3743364, at * 6 (E.D.Va. Sept 22, 2010); see Hudson v. McMillian, 503 U.S. 1, 7 (1992) [the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm].  Here, the evidence before the Court, considered in the light most favorable to the Plaintiff, reflects that on the day in question the Defendant Cashwell was instructed by Captain Williams to place Plaintiff in a control cell after Plaintiff had engaged in disrespectful and unruly behavior while obtaining an insulin shot. Williams (who is not a named Defendant), Cashwell and Smith then went to Plaintiff's cell door and gave him a directive to come to the door to be restrained, but that Plaintiff refused and threw an unknown liquid substance on the officers, striking Cashwell.  Cashwell then sprayed chemical munitions into Plaintiff's cell, following which a force cell movement team was assembled.  When Plaintiff again failed to come to the cell door to be restrained, a second burst of chemical munitions was sprayed into the cell, following which the force movement team entered the cell and restrained the Plaintiff.  The evidence reflects that a total of 437.4 grams of "red fogger" was used during this incident.  After Plaintiff was restrained, his property and clothing were removed from the cell, but



he was left in the cell. However, he was examined by a nurse, who found Plaintiff was suffering from no injuries and was in no distress. Further, the evidence before the Court indicates that Plaintiff had access to running water in his cell, and that he was instructed to decontaminate both himself and his cell using running water from the sink in his cell. Medical records from later that day as well as the following day fail to document any medical problems.

Plaintiff has failed to submit any arguments in opposition to the Defendants arguments and evidence submitted on this issue as part of their objections to the original Report and Recommendation[5], and after careful review and consideration of the evidence and arguments presented, the undersigned does not find a genuine issue of fact as to whether the force used against the Plaintiff on January 22, 2013 was constitutionally excessive sufficient to survive summary judgment.

First, there is no dispute in the evidence that the Plaintiff, a prison inmate, engaged in unruly behavior and refused to come to his cell door to be restrained. That a chemical munition was then used by prison guards in an attempt to effect Plaintiff's compliance and to (hopefully) lessen Plaintiff's resistence upon entry of the force team is hardly unusual under the circumstances. While use of chemical munitions on a "docile" prisoner can qualify as excessive force; see Iko v. Shreve, 535 F.3d 225, 239-240 (4th Cir. 2008) [Finding genuine issue of material fact when prison guard deployed several bursts of pepper spray on docile prisoner]; the evidence in this case is that Plaintiff was being unruly, was not complying with commands, and had even thrown an unknown substance

---

[5]Indeed, the undersigned notes that Plaintiff did not file any objections to the original Report and Recommendation at all, even though that Report and Recommendation had recommended dismissing all of Plaintiff's other claims.

9



at the prison guards. Although Plaintiff was in a cell, he was unrestrained, and in light of his lack of cooperation and failure to comply with commands, some level of force was required in order to obtain Plaintiff's compliance and gain control of the situation. State prisons are dangerous places, and prison officials are entitled to take necessary precautions to protect themselves from risk of harm and injury at the hands of inmates, and it is certainly not unreasonable that Cashwell (who had already had material thrown at him by the Plaintiff) could have perceived a threat based on the facts presented. In such a situation, physical force is unfortunately sometimes required in order to gain compliance of inmates and insure institutional security, the security of prison employees, as well as that of the inmates themselves. Williams v. Benjamin, 77 F.3d 763, 761 (4th Cir. 1996)[because prison officials are entitled to use appropriate force to quell prison disturbances, and because these officials oftentimes must act under pressure without the luxury of a second chance, in order for a prisoner to prevail on an Eighth Amendment claim he must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm].

Hence, the issue is not really whether it was necessary to use force in this instance, but whether the force used under the circumstances was constitutionally excessive. What is objectively reasonable depends on what conditions exist at the time the alleged excessive force is used, recognizing that prison officials are often forced to make judgments in circumstances that are tense, uncertain, and rapidly evolving. Here, the evidence supports a need for the application of force by Cashwell and Wilson to quickly gain control of the situation based on a threat reasonably perceived by the prison officials. Cf. Graham v. Connor, 490 U.S. 386, 396 (1989); Greenidge v. Ruffin, 927 F.2d 789 (4th Cir. 1991). While Plaintiff apparently contends that too much force was used in this instance, such a bald and supported assertion cannot by itself defeat a properly supported



motion for summary judgment. Riley v. Honeywell Technology Solutions, Inc., 323 Fed.Appx. 276, 278, n. 2 (4th Cir. 2009)[Holding that Plaintiff's "self-serving contentions" that he was treated unfairly "were properly discounted by the district court as having no viable evidentiary support"]; cf. Sylvia Dev. Corp. v. Calvert County, MD., 48 F.3d 810, 818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)]. Additionally, and significantly for the facts of this case, there is no evidence to show, and indeed Plaintiff does not even allege, that any application of force against him continued after he had been restrained. Cf. Wilson v. Flynn, 429 F.3d 465, 469 (4th Cir. 2005)[Lack of evidence that officers used any improper force after restraining a prisoner "distinguishes [Plaintiff's] case from many in which we have held the Plaintiff has alleged an excessive force claim."]; see also Hudson, 503 U.S. at 7 [the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm].

While a prison inmate may maintain an excessive for claim where he is subjected to chemical munitions and not allowed to wash or decontaminate himself; cf., Mann v. Failey, 578 Fed. Appx. 267, at * 5-6 (4th Cir. 2014); see also Williams v. Benjamin, 77 F.3d 756, 768 (4th Cir. 1996); that is not the case here, as Plaintiff has presented no evidence whatsoever to contest or dispute the Defendants' evidence showing that he had running water in his cell and was instructed to use the running water to decontaminate himself (as well as his cell as necessary). Plaintiff is not a child, and



if Plaintiff chose not to wash himself if he needed to do so, he cannot blame others for his own lack of self concern. Cf. Taylor v. Guthurter, No. 10-967, 2011 WL 1792268 at * 7 (S.D.Ill. May 10, 2011)[Finding no facts to support a claim of constitutional dimension where, although Plaintiff was not provided a shower after being subjected to pepper spray, he did not allege his cell was without running water nor did he allege that he lacked any means to clean himself of the pepper spray]; Mitchell v. S.C.D.C., No. 09-1010, 2010 WL 5174009 at * 3 (D.S.C. Nov. 16, 2010) [No constitutional violation where Plaintiff was afforded running water to wash off chemical spray], adopted by, 2010 WL 5173863 (D.S.C. Dec. 15, 2010); Brown v. Walker, No 09-3064, 2010 WL 4484185 at * 5 (D.S.C. Oct. 6, 2010) [Where Plaintiff was provided running water to wash off chemical spray no constitutional violation was found] adopted by, 2010 WL 4482100 (D.S.C. Nov. 1, 2010).

There is also no medical or any other evidence whatsoever to show that Plaintiff suffered any significant injury as a result of this altercation. See Strickler v. Waters, 989 F.2d 1375, 1380-1381 n. 9 (4th Cir. 1993) [the mere incantation of physical or mental injury is inadequate to survive a motion for summary judgment]. Although it is not required that Plaintiff show he suffered more than a de minimis injury to maintain an excessive force claim; see Wilkins v. Gaddy, 130 S.Ct. 1175, 1179-1180 (2010)[Noting that the notion that significant injury is a threshold requirement for stating an excessive force claim was rejected in Hudson, 503 U.S. at 7]; the "absence of [a] serious injury" nevertheless remains relevant in an Eighth Amendment inquiry. Wilkins, 130 S.Ct. at 1179-1180 [holding that the extent of injury may provide some indication of the amount of force applied, and stating that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury



almost certainly fails to state a valid excessive force claim"], citing to Hudson, 503 U.S. at 9 (quoting Johnson, 481 F.2d at 1033); see also Ellerbe v. Roach, No. 08-3118, 2010 WL 3361703, at * 3 (E.D.N.C. Aug 24, 2010).

Finally, in concluding that the evidence is not sufficient to create a genuine issue of fact as to whether the amount of force used here resulted in the violation of a *constitutional right*, it is important to note that the case at bar is readily distinguishable from the recent Fourth Circuit decision in Mann v. Failey, No. 13-6446, 2014 WL 3511878 (4th Cir. July 17, 2014). In Mann, the Fourth Circuit allowed an excessive force claim to proceed where there was evidence an officer had sprayed Plaintiff's prison cell with several bursts of pepper spray for failing to comply with orders to back up and be restrained, similar to the facts here. However, in Mann the Plaintiff (Mann) was then left in the closed cell for forty-five minutes while not being granted multiple requests to clean himself or take a shower, and was then placed in a strip cell that was also not decontaminated from the chemicals for the next five days. The Plaintiff's allegations in Mann also included that the prison guard in that case had grabbed Mann by his left arm and the back of the crotch chain between his legs and dragged him twenty-five yards to the medical unit, in the process smashing his testicles and causing him extreme pain and agony. On another occasion, after Mann had struck a prison guard, he was first wrestled to the floor by four other officers and then, even after he was subdued and stopped resisting, the prison guard began kicking and punching him in the head, striking him numerous times until one of the other officers interposed his body between the officer and Mann. Nevertheless, the prison guard continued to strike the Plaintiff's head and face with her fists as he was carried "in hog tie form" fifty yards to the holding cell. On yet another occasion, after Mann had

13



engaged in a confrontation with guards and had reached the point where he was down and not resisting, he was attacked by the guards, with one officer slamming his face into the concrete floor while picking up a bottle of fecal matter and pouring it over his face. Other officers also continuously punched, kneed, kicked and choked him until he lost consciousness.

These facts are not even remotely comparable to the conduct alleged in the case at bar. Therefore, while Plaintiff may conceivably have a state law claim he could assert arising from this incident, or some further administrative remedy he could pursue, the undersigned does not find that the evidence before this Court is sufficient to create a genuine issue of fact as to whether constitutionally excessive force was used under the circumstances in this case. See Paul v. Davis, 424 U.S. 693, 701 (1976) [not every claim which may set forth a cause of action under a state tort law is sufficient to set forth a claim for a violation of a constitutional right]; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]. Plaintiff's excessive force claim relating to the incident of January 22, 2013 asserted as a constitutional violation should therefore be dismissed.

## II.

### (State Law Claim)

It if frankly unclear whether Plaintiff has intended to also assert a state law claim with respect to the incident of January 22, 2013. However, even assuming he is, if the Court adopts the recommendation set forth hereinabove and in the original Report and Recommendation with respect



to Plaintiff's federal claims, that state law claim would be the only claim remaining in this lawsuit. Defendants correctly note that where federal claims in a lawsuit originally filed in United States District Court are dismissed, leaving only state law causes of action, any remaining state law claims should be dismissed without prejudice, so that the Plaintiff can pursue any such state law claims in state court. See generally, United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)["Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well"]; Carnegie-Mellon v. Cohill, 484 U.S. 343, 350, n. 7 (1988) ["[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state law claims."].[6]

       Dismissal of this state law claim (assuming Plaintiff has intended to assert such a claim) will not only allow the Plaintiff to obtain a ruling as to the viability of this claim from a proper forum, but if his claim were to survive summary judgment, it would be much more appropriate for this state law claim to be tried in state court. Dismissal of Plaintiff's state law claim would also not prejudice the Plaintiff, as the parties could seek a fast track for resolution of this claim at the state level; See Rule 40(c), S.C.R.Civ.P.; and there are no statute of limitations problems because federal law also provides for tolling of statutes of limitation for state claims during the period they were pending in federal court and for thirty days afterwards. See 28 U.S.C.A. § 1367(d); Jinks v. Richland

---

[6]Plaintiff could, of course, maintain his state claim in this court even without his federal claims if there was diversity jurisdiction. See 28 U.S.C. § 1332(a). However, all of the parties are alleged to be South Carolina residents. See Complaint, Answer. Therefore, diversity jurisdiction is not available in this case.



County, 538 U.S. 456 (2003); Hedges v. Musco, et al., 204 F.3d 109, 123-124 (3rd Cir. 2000); Beck v. Prupis, 162 F.3d 1090, 1099-1100 (11th Cir. 1998) ["a dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"]; cf. National Federation of Independent Business v. Sebelius, 132 S.Ct. 2566, 2592 (2012).

## Conclusion

In the previous Report and Recommendation entered in this case, the undersigned recommended that all of the Plaintiff's claims, except for his claim relating to the incident of January 22, 2013, be dismissed. As the undersigned now also recommends dismissal of that claim for the reasons set forth hereinabove, it is recommended that the Defendants' motion for summary judgment with respect to Plaintiff's federal claims be **granted**, in toto, and that those claims be **dismissed**, with prejudice.

Finally, to the extent Plaintiff has intended to assert any state law claim relating to the incident of January 22, 2013, that state law claim should be **dismissed**, without prejudice. Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988) [Noting that federal courts should generally decline to exercise pendant jurisdiction over remaining state law claims after dismissal of federal claims in a lawsuit]. This will allow Plaintiff to pursue his remaining state law claim in state court, if he chooses to do so. See Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)["Section 1367(d) ensures that the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court."].



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 10, 2014
Charleston, South Carolina

17



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

